```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

DIANE SUSAN TERRY

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:19-00912

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on July 29, 2020, in which she recommended that the court deny plaintiff's motion for summary judgment; grant defendant's request for judgment on the pleadings; affirm defendant's decision; and dismiss this case from the court's docket.

    In accordance with 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file objections to the PF&R.  Plaintiff timely filed objections to

the PF&R. (ECF No. 13.)  Defendant filed a response to those objections.  (ECF No. 14.)

## I. Background

On July 21, 2016, plaintiff Diane Susan Terry filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits, alleging disability beginning on January 1, 2006, due to multiple sclerosis, fibromyalgia, severe back problems, and deep depression.  Upon denial of her claim, she sought an administrative hearing and amended her alleged onset date to July 21, 2016.  On January 11, 2019, Administrative Law Judge Nathan Brown ("ALJ") issued a decision finding that plaintiff was not disabled.  On October 28, 2019, the Appeals Council denied review.  Plaintiff timely sought judicial review and thereafter filed a motion for summary judgment.  (ECF No. 9.)

## II. Standard of Review

Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of a magistrate judge's report to which a specific objection has been made.  The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to

2

whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").[1]

Federal courts are not tasked with making disability determinations. Instead, they are tasked with reviewing the Social Security Administration's disability determinations for (1) the correctness of legal standards applied; and (2) the existence of substantial evidence to support the factual findings. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980); see also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). These two aspects of review are intertwined in that factual findings not "reached through the application of the correct legal standard[s]" are not binding on judicial review. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). "It consists of more than a mere scintilla of evidence

---

[1] Defendant argues that the court should overrule the objections out of hand because they raise arguments advanced in her initial briefing. For the reasons discussed in Carter v. Saul, No. CV 1:19-00191, 2020 WL 1502860, at *2 (S.D.W. Va. Mar. 30, 2020), the court rejects this argument and finds that plaintiff's objections warrant de novo review.

3

but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is not, however, "[w]itness testimony that's clearly wrong as a matter of fact," "[f]alsified evidence," "[s]peculation," or "conclusory assertions." Biestek 139 S. Ct. at 1159 (Gorsuch, J., dissenting).

### III. Discussion

Plaintiff objects to the PF&R on two grounds:

(1) It wrongly finds that the ALJ properly considered all the evidence when, in fact, the ALJ failed to properly consider the opinions of Rosemary L. Smith, Phys.D., and John Todd, Ph.D., both of whom noted that plaintiff had a severe mental impairment. Because Drs. Smith and Todd concluded that there was insufficient evidence to make a disability determination, and because Ms. Jarrell purportedly provided the missing evidence, the ALJ should have given more credit to Ms. Jarrell's opinion, and the PF&R wrongly concludes otherwise.

(2) It wrongly finds that the ALJ did not impermissibly consider plaintiff's credibility in violation of Policy Interpretation SSR 16-3p. Specifically, the ALJ's statement regarding plaintiff's lack of candor was sufficient to create a reversible error, and the PF&R failed to appreciate it as such.

Despite the thoroughness of the thirty-nine-page PF&R and the diligent attention to the matter that it evinces, the court finds merit in plaintiff's second objection.

4

### a. **Deficient Consideration of Evidence**

Plaintiff contends that when the ALJ did the step two analysis and found that her mental impairments were non-severe, he failed to give proper consideration to opinions in the record that her mental impairments were severe. Specifically, plaintiff points to findings by Disability Determination Services ("DDS") consultants Rosemary L. Smith, Phys.D., and John Todd, Ph.D, at the initial and reconsideration levels (respectively) that her mental impairments were severe. She objects that the PF&R failed to appreciate this purported error.

Although plaintiff refers to the findings of Drs. Smith and Todd as "opinions," technically they are "prior administrative findings." See 20 C.F.R. § 404.1513; see also James M.M. o.b.o. Kathryn E.M. v. Saul, No. CV 20-4005-JWL, 2020 WL 6680386, at *11 n.5 (D. Kan. Nov. 12, 2020). It is clear that ALJs must consider such evidence:

> (b) Administrative law judges are responsible for reviewing the evidence and making administrative findings of fact and conclusions of law. They will consider prior administrative medical findings and medical evidence from our Federal or State agency medical or psychological consultants as follows:
>
> (1) Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 404.1520b, 404.1520c, and 404.1527, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation.

5

20 C.F.R. § 404.1513a (emphasis added).

What is less clear is whether ALJs must <u>articulate</u> how they considered such evidence. The regulations state that "[t]he rules in § 404.1513a apply except that <u>when an administrative law judge gives controlling weight to a treating source's medical opinion</u>, the administrative law judge is <u>not required</u> to explain in the decision the weight he or she gave to the prior administrative medical findings in the claim." 20 C.F.R. § 404.1513a (emphasis added). By negative implication, it would appear that when ALJs <u>do not</u> give controlling weight to a treating source's medical opinion (as here), they must "explain" how they have weighed prior administrative findings. This comports with the position that the Social Security Administration took in response to a comment to its proposed rule changes in 2017: "Our rules in current 404.1527(e)(2) and 416.927(e)(2) require us to consider and articulate our consideration of prior administrative medical findings using the same factors we use to consider medical opinions." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5852.

But regardless of what level of articulation, if any, is required, any error here would be harmless. ALJs need consider consultants' findings only "as appropriate." <u>See</u> 20 C.F.R. § 404.1513a. Plaintiff asserts that the ALJ failed to consider the consultants' findings in determining that her mental

6

impairments were non-severe.  It is true that the bar for a severe impairment is not high.  See Felton-Miller v. Astrue, 459 F. App'x 226, 230 (4th Cir. 2011) (citing Bowen v. Yuckert, 482 U.S. 137, 153-54; SSR 88-3c, 1988 WL 236022) ("Step two of the sequential evaluation is a threshold question with a de minimis severity requirement.").  "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis added).  Nevertheless, determining severity of an impairment necessitates an evaluation of the impact of the impairment on the claimant's "physical or mental ability to do basic work activities."  See 20 C.F.R. § 404.1522.

As the PF&R points out, the relevant basic work activities as to a claim of mental impairment include the capacity to understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting.  (ECF No. 12 at 21-22) (citing 20 C.F.R. §§ 404.1522(b), 416.921(b).)  Consultants Smith and Todd, however, concluded that there was "insufficient evidence" to decide the extent to which plaintiff could still do those basic

7

work activities. (AR at 87, 113.) This finding of insufficient evidence precludes a finding that the alleged mental impairments were severe because there is simply not enough information to complete the analysis. Accordingly, because ALJs need consider such findings only as appropriate, any error in the ALJ's failure to articulate how he weighed the evidence was harmless because it is doubtful that it would have even been "appropriate" to consider this evidence.

Moreover, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence." Reid v. Commissioner of Social Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2006) (per curiam)). While the ALJ may not have specifically mentioned the consultants' findings, he stated that he considered all the evidence of record. (See AR at 16.) Having so stated, the court should "take [him] at [his] word." Reid, 769 F.3d at 865 ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word."); see also Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."); Christina W. v. Saul, Case # 4:19-cv-00028-PK, 2019 WL 6344269, *4 (D. Utah Nov. 27, 2019)

8

("Plaintiff further argues that the ALJ erred in not explicitly discussing various pieces of evidence, particularly the fact that she is participating in a structured treatment program. While the ALJ must consider all the evidence, she need not recite each piece of evidence she has considered. The ALJ stated that she carefully considered the entire record and the Court can take her at her word.").

The court trusts that, to the extent appropriate, the ALJ considered the consultants' findings, and assuming (without deciding) that he was required to articulate his consideration of this evidence, such error would be harmless because the findings themselves state that there was insufficient evidence to complete the analysis.

Therefore, the court **OVERRULES** this objection.

### b. Credibility

Plaintiff next objects to the PF&R's failure to appreciate the extent to which the ALJ's analysis ran afoul of SSR 16-3p (and thus constitutes reversible error).[2] Plaintiff emphasizes the ALJ's statement regarding her lack of candor.

---

[2] Importantly, this objection is grounded more in whether the ALJ applied the correct legal standards than in whether substantial evidence supports his factual findings. See Coskery v. Berryhill, 892 F.3d 1, 5-6 (1st Cir. 2018) ("[A]lthough Coskery frames this challenge as an evidentiary one, it appears that his claim of error rests less on an assertion about the lack of record support for the ALJ's ruling than on his contention that the ALJ applied an incorrect legal standard by not relying on

9

"Social Security Rulings are interpretations by the Social Security Administration of the Social Security Act. While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." Pass v. Chater, 65 F.3d 1200, 1204 (4th Cir. 1995) (quoting Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989)). SSR 16-3p provides (in pertinent part) as follows:

> In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person.

Soc. Sec. Ruling 16-3p: Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016). SSR 16-3p rescinds and supersedes SSR 96-7p for adjudications on or after March 28, 2016 (regardless of filing date). See SSR 16-3p. The new SSR does away with the old SSR's use of "credibility." SSR 16-3p. It "expressly provides that the ALJ

---

SSR 16-3p."). On this objection, therefore, the court does not apply the highly deferential standard of review that applies to substantial-evidence-based challenges. See Hines v. Bowen, 872 F.2d 56, 58 (4th Cir. 1989) (per curiam) ("An ALJ's factual determinations must be upheld if supported by substantial evidence, but this court is not so restrained in determining whether correct legal standards were applied.") (citation omitted). This makes sense because whereas ALJs have an advantage over federal courts on factual questions because ALJs review the evidence first-hand and specialize in doing so, federal courts are equally well positioned to determine whether ALJs have applied correct legal principles.

may not consider 'an individual's character.'" Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018) (citing SSR 16-3p, 82 Fed. Reg. at 49463). The purpose of the change was to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. As Judge Posner described it, "The change in wording was meant to clarify that administrative law judges aren't in the business of impeaching claimants' character." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016). Although the Social Security Administration couched SSR 16-3p as a clarification, it represents a significant change in how ALJs must decide cases:

> SSR 16-3p eliminates the entire section entitled "Credibility" in SSR 96-7p and, instead of requiring analysis of a claimant's credibility, instructs ALJs to determine "the extent to which . . . symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the [claimant's] record." This shift in focus from a more general analysis of a claimant's truthfulness to an objective comparison of a claimant's statements to the evidence of record changes two decades of SSA policy (and ALJ practice) regarding the evaluation of the intensity, persistence, and limiting effects of a claimant's symptoms.

Bagliere v. Colvin, No. 1:16CV109, 2017 WL 318834, at *7 (M.D.N.C. Jan. 23, 2017) (emphasis in original) (citation omitted).

SSR 16-3p does not preclude all evaluation of whether claimants' testimony deserves to be credited. There is a difference between "assess[ing] the credibility of pain

11

assertions by applicants," which "obviously administrative law judges . . . continue to" do, see Cole, 831 F.3d at 412 (emphasis in original), and assessing the credibility of the applicants themselves, which is no longer permissible under SSR 16-3p. Thus, to rule on plaintiff's objection on this ground, the court must first determine whether the ALJ crossed the line from a permissible evaluation of plaintiff's assertions (the accuracy of her testimony) to an impermissible evaluation of the plaintiff herself (her truthfulness).

In response to a similar charge of error, another court found that the ALJ's evaluation fell on the permissible side of the line. There, the ALJ had noted that the plaintiff's testimony regarding limitations on her ability to sit and concentrate were inconsistent with how long she sat and concentrated at the administrative hearing. Starnes v. Berryhill, No. 1:16-CV-322-FDW, 2017 WL 2389965, at *4 (W.D.N.C. June 1, 2017). In concluding that there was no error, the court stated,

> At no point does the ALJ question Plaintiff's character, or conduct any kind of truthfulness evaluation as prohibited under SSR 16-3p. He evaluated the contrast between the physical limitations Plaintiff claims and her apparent level of function at the hearing; this is a valid exercise of discretion regardless of the controlling SSR ruling.

Id. The court's determination of no error in that case is consistent with SSR 16-3p, which specifically notes, "The

12

adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3p.

In contrast, a court from the Central District of Illinois considered a case where the ALJ's evaluation fell on the impermissible side of the line. There, the ALJ determined that the claimant's testimony was "'not entirely credible,' and that overall, 'the claimant lack[ed] credibility'" because of "inconsistent statements made by [the claimant] in the record as well as her questionable compliance with prescribed treatment." Mendenhall v. Colvin, No. 3:14-CV-3389, 2016 WL 4250214, at *4 (C.D. Ill. Aug. 10, 2016). The ALJ applied that credibility analysis to the claimant's doctor's opinion based on "the axiom that no opinion can have greater credibility than the information upon which it is based." Id. "[T]he ALJ [also] discounted the opinions of the consultative psychological examiner." Id. The court found that this was error: "Because SSR 16-3p was issued to eliminate such reliance on an ALJ's impressions as to the credibility of a claimant, Plaintiff's claimed disabilities and symptoms, along with the opinions of treating physicians and psychological examiners, must be re-examined." Id. at *5.

A de novo review of the record in this case compels the conclusion that it is closer to Mendenhall than Starnes. Although he avoided use of the term "credibility," the ALJ here impermissibly assessed the credibility of plaintiff herself. As plaintiff points out, the most blatant example is the ALJ's finding regarding that "she might have been less than fully candid . . . to increase the chance of obtaining benefits." (AR 21.) This is language used to evaluate truthfulness. See *candor*, Black's Law Dictionary (11th ed. 2019) ("The quality of being open, honest, and sincere; frankness; outspokenness. — candid, adj."). The assessment of claimants' truthfulness is exactly what SSR 16-3p was meant to prevent. See SSR 16-3p. Suggesting plaintiff lacked candor goes beyond an analysis of the words spoken to the speaker herself; it is a nice way of saying that she appeared to be a liar. In addition, the ALJ also assessed her credibility as follows:

1. Five times, he stated that plaintiff's testimony was "suggestive of minimization" or "of minimizing" or that there was the "appearance of [plaintiff's] minimizing" evidence that would hurt her case. (AR at 20-22.)

2. Five times, he characterized her statements as "evasive." (Id.)

14

3. He observed that "the claimant's testimony was very generally [sic], and largely consistent [sic] of answering leading questions by Counsel." (AR at 20.)

4. Three times, he opined that plaintiff was exaggerating. (AR at 21-22.)

It is important to note that the ALJ applied this assessment of plaintiff's truthfulness not just to her testimony at the hearing but to all of her "self-reports," including those to medical professionals who examined her. (Id.) And he accordingly discounted medical records informed by plaintiff's statements. (Id.) In taking this step, the ALJ allowed his assessment of plaintiff's truthfulness to affect his consideration of the evidence. For these reasons, the ALJ's analysis was out of bounds under SSR 16-3p.

The question becomes whether the error was harmless. "As a general proposition," the harmless error doctrine applies in Social Security appeals. Keller v. Berryhill, 754 F. App'x 193, 199 (4th Cir. 2018). The Fourth Circuit Court of Appeals has explained as follows:

> Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases. Reversal on account of error is not automatic but requires a showing of prejudice. The harmless error rule applies to agency action because if the agency's mistake did not affect the outcome, it would be senseless to vacate and remand for reconsideration.

15

> The rule of prejudicial error further prevents reviewing courts from becoming "impregnable citadels of technicality" and preserves the relative roles of courts and agencies in implementing substantive policy.

Sea "B" Mining Co. v. Addison, 831 F.3d 244, 253 (4th Cir. 2016) (citations omitted). Stated differently, "[C]ourts have applied a harmless error analysis to administrative decisions that do not fully comport with the procedural requirements of the agency's regulations, but for which remand 'would be merely a waste of time and money.'" Huddleston v. Astrue, 826 F. Supp. 2d 942, 955 (S.D.W. Va. 2011) (quoting Jenkins v. Astrue, 2009 WL 1010870 at *4 (D. Kan. Apr. 14, 2009)). But a "procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success on the merits anyway." Batchelor v. Colvin, 962 F. Supp. 2d 864, 867 (E.D.N.C. 2013).

Plaintiff implies that the error here cannot be considered harmless because "[i]t is simply impossible to know the extent this error had on the evaluation of Plaintiff's symptoms and the overall claim." (ECF No. 13, at 3.) Defendant did not brief the harmless error issue. The PF&R did not explicitly analyze it, although the PF&R does conclude that the ALJ sufficiently completed the two-step process for evaluating subjective complaints, which would seem to suggest harmless error.

16

Another court has considered the harmless-error question in this context. The court described the error as follows: "In deeming the plaintiff's subjective allegations only partially 'credible' because 'she was not entirely forthcoming at the hearing when asked about substance abuse issues[,]' the ALJ made precisely the type of assessment of a claimant's overall character or truthfulness prohibited by SSR 16-3p." Jennifer C. v. Berryhill, No. 2:17-CV-00233-JAW, 2018 WL 2552161, at *3 (D. Me. June 4, 2018), aff'd, No. 2:17-CV-00233-JAW, 2018 WL 4558174 (D. Me. Sept. 21, 2018). But the court found the error harmless because "the ALJ offered additional reasons for her assessment of the plaintiff's subjective allegations" and "those reasons pass[ed] muster pursuant to SSR 16-3p." Id. In regards to those reasons, the court reviewed the extensive details of the ALJ's analysis of the plaintiff's subjective symptoms, which included (1) the objective medical evidence; (2) the failure of the plaintiff there to follow treatment instructions; and (3) evidence of the daily activities of the plaintiff there. Id. Thus, when juxtaposed against the permissible part of the ALJ's analysis, the impermissible part was relatively small.

Importantly, the court there appeared to hold the plaintiff to the heavy burden of showing prejudice: not just a reasonable likelihood of a different outcome, but the certainty of a different outcome. See id. Moreover, the ALJ there did not

17

allow the credibility determination to affect more than the hearing testimony of the plaintiff.  See id.  Here, by contrast, the credibility determination informed the ALJ's evaluation of medical evidence.  For these reasons, Jennifer C. is distinguishable and does not persuade the court to find the error here was harmless.

The court is more inclined to follow the path charted by the Central District of Illinois in Srp v. Colvin, No. 15-CV-3006, 2016 WL 7507781 (C.D. Ill. July 14, 2016), report and recommendation adopted, No. 15-CV-3006, 2016 WL 4487831 (C.D. Ill. Aug. 25, 2016).  The court described the error and appropriate remedy there as follows:

> The ALJ did not explain how she assessed Srp's credibility at the hearing.  The reference seems to indicate that the ALJ decided credibility, in part, on her personal observation of Srp during the hearing.  Such observations generally assess the truthfulness of the witness in an adversarial litigation.  SSR 16-3p specifically prohibits the adversarial approach of judging the witness's truthfulness.
>
> Under the guidance of SSR 16-3p, the ALJ's credibility determination was error that requires reversal.  On remand the ALJ can evaluate statements regarding the intensity, persistence, and limiting effects of Srp's symptoms in accordance with SSR 16-3p.

Id. at *4 (citations omitted).  In adopting the report and recommendation, the district court overruled the defendant's objection that any error was harmless.  Srp v. Colvin, No. 15-CV-3006, 2016 WL 4487831, at *7 (C.D. Ill. Aug. 25, 2016).

18

On this record, sufficient prejudice is readily apparent such that the error was not harmless. As stated above, the ALJ applied his credibility determination not only to plaintiff's testimony and reports, but also to medical records that were based on her input. (AR at 21-22.) Specifically, he discounted Ms. Jarrell's report. (AR at 22.) Furthermore, as explained above, the assessment of plaintiff's credibility was not limited to one off-hand comment. He characterized her statements as "evasive and vague" (repeatedly), suggested that she was minimizing evidence bad for her cause and exaggerating evidence good for it, and stated that she left him with the impression that she "might have been less than fully candid." (AR 20-22.) He suggested that she was not telling the full truth in order to increase the odds of obtaining benefits. As the PF&R points out, much of the rest of the analysis was permissible, but the impermissible part was too extensive. Accordingly, as in Srp, "the ALJ's credibility determination was error that requires reversal" and "remand [so that] the ALJ can evaluate statements regarding the intensity, persistence, and limiting effects of [plaintiff's] symptoms in accordance with SSR 16-3p." See Srp, 2016 WL 7507781 at *4.

Thus, the court **SUSTAINS** this objection.

## IV. Conclusion

For the reasons set forth above, the court **SUSTAINS** plaintiff's objections to the PF&R insofar as plaintiff objects to the PF&R's analysis of the ALJ's evaluation of plaintiff's credibility and **DECLINES** to adopt sections VII(C) and VIII of the PF&R. Accordingly, the court **GRANTS** plaintiff's Motion for Summary Judgment (ECF No. 9) to the extent that it requests remand of defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g); **DENIES** defendant's request for judgment on the pleadings; **REVERSES** defendant's final decision; **REMANDS** this case for further consideration consistent with SSR 16-3p and this opinion; and **DISMISSES** this case from the court's active docket.[3]

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 11th day of March, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

---

[3] Plaintiff's motion for substitution of counsel (ECF No. 15) is accordingly **DISMISSED** as moot.